UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-15-8264-MWF                     Date:  August 31, 2016
Title:    In Re Peli Popovich Hunt

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |

| Attorneys Present for Appellant: | Attorneys Present for Appellee: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DISMISSING ACTION FOR FAILURE TO RESPOND TO ORDER TO SHOW CAUSE

On July 27, 2016, the Court issued an Order to Show Cause for Lack of Prosecution ("OSC"), in which the Court ordered Appellant to file his opening brief on or before August 8, 2016, to discharge the OSC. (Docket No. 12). The Court cautioned Appellant that a failure to respond to the OSC will result in dismissal of the appeal. (*Id.*). To date, no opening brief has been filed.

It is well-established that a district court has authority to dismiss a bankruptcy appeal for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Nat'l Bank of Long Beach v. Donovan*, 871 F.2d 807, 808 (9th Cir. 1989) (per curiam) (dismissal of a bankruptcy appeal for failure to prosecute is appropriately analogized to a dismissal under Rule 41(b)).

In determining whether to dismiss a case for failure to prosecute, the Court considers five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the opposing party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (holding that adversary proceedings could be dismissed for failure to prosecute, on Chapter 11 trustee's motion, despite lack of warning to Chapter 7 trustee).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-15-8264-MWF				**Date:**  August 31, 2016
**Title:**	In Re Peli Popovich Hunt

The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal.  Since filing his Notice of Appeal in October 2015, Appellant has failed to file his opening brief to date, despite securing a stipulation to extend the deadline to June 15, 2016.  (Docket No. 11).  Given that this case cannot move forward to resolution without the opening brief, Appellant's conduct indicates that Appellant does not intend to litigate this action diligently.

The third factor—prejudice to Appellee—also weighs in favor of dismissal.  A rebuttable presumption of prejudice to appellees arises when there is a failure to prosecute diligently.  *Eisen*, 31 F.3d at 1452–53.  That presumption may be rebutted where the appellant proffers an excuse for delay.  Appellant has failed to come forward with any excuse or reason for delay.

The fourth factor—public policy in favor of deciding cases on their merits—weighs against dismissal.  It is, however, an appellant's responsibility to move a case towards a disposition at a reasonable pace and to avoid dilatory tactics.  Appellant has failed to discharge his responsibility.  Under these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Appellant's failure to prosecute.

The fifth factor—availability of less drastic sanctions—weighs in favor of dismissal.  The Court has attempted to avoid outright dismissal of this action by issuing the OSC and providing Appellant an additional extension on the time to file his opening brief.  Appellant has, however, failed to discharge his responsibility.  The Court cannot be expected to allow Appellant's appeal to idle on the Court's docket indefinitely.

Taking all of the above factors into account, dismissal for failure to prosecute is appropriate. **IT IS HEREBY ORDERED** that this action be **DISMISSED with prejudice** for failure to prosecute.  The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.  Local Rule 58-6.

IT IS SO ORDERED.